**IT IS ORDERED as set forth below:**



**Date: September 25, 2024**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| ENGINEERED INVESTMENTS LLC | * | CHAPTER 11 |
| | * | CASE NUMBER 23-55094-jrs |
| | * | |
| | * | |

_____

**ORDER CONFIRMING PLAN OF REORGANIZATION**

Engineered Investments LLC, Debtor in the above styled case filed its Chapter 11 Plan (Docket no. 33) and its Disclosure Statement (Docket no. 34) on March 21, 2024. Debtor filed its amended Disclosure Statement (Docket No.43) on May 2, 2024.  On May 7, 2024, this Court entered *an Order and Notice Approving Debtor's Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, and Notice of Confirmation Hearing, and Notice of the Time Fixed for Filing Objections to Confirmation of the Plan (*Docket No. 44)

(the "Order Approving the Disclosure Statement"). On May 9, 2024, a copy of The Order Approving the Disclosure Statement, the Disclosure Statement, the Plan, and a ballot (the

"Ballot") was served on creditors, equity security holders and other parties in interest, pursuant to the Federal Rule Bankruptcy Procedure 3017 (d) and BLR 9007-2, NDGa. (Docket No. 46)

Debtor filed its *Report of Balloting* on September 13, 2024 (Docket No. 63). U.S Bank Trust National Association, the class 2 secured creditor filed a ballot accepting the Plan. (Docket No. 62). No class of creditors voted to reject the Plan.

. The hearing on confirmation of the Plan was held on September 17th, 2024. Appearing at the hearing via the Court's Zoom virtual hearing room, were Jarred Redick, the Managing Member of the Debtor, Kenneth Mitchell, Debtor's Attorney, David S. Weidenbaum, the attorney for the U.S. Trustee and Laura A Grifka, attorney for U.S. Bank Trust National Association.

Upon review of the Plan and Ballot Report, the presentation of counsels at the confirmation hearing and the Court hearing no objections, the following findings are made with respect to the Plan and Disclosure Statement, as amended, and it is hereby **ORDERED**:

(1)  Solicitation of ballots on the basis of the Disclosure Statement was appropriate, to the extent such solicitation was in good faith and in compliance with the provisions of Title 11 U.S.C.;

(2)  the Plan, complies with the applicable provisions of Title 11 U.S.C.;

(3)  the proponent of the Plan complies with the applicable provisions of Title 11 U.S.C.;

(4)  the Plan has been proposed in good faith;

(5)  all payments to be made for professional services in connection with the Plan are subject to approval by this Court;

(6)  the Debtor has complied with the provisions of § 1129 (a)(5);

(7)  no governmental regulatory commission approvals are required;

(8) holders of claims in each impaired class have accepted the Plan or will receive an amount under the Plan that is not less than such claimant would receive in a Chapter 7 liquidation; further creditors will receive at least as much as they would receive in a Chapter 7 Case, and, likely will receive more under the Plan than in a Chapter 7 case, given administrative expense savings;

(9) § 507 (a)(8) claims will be paid in accordance with § 1129(a)(9)(C);

(10) at least one class of impaired claims has accepted the Plan;

(11) confirmation is not likely to be followed by the need for further financial reorganization;

(12) fees payable to the U.S. Trustee's Office have been paid; and

(13) the Plan is fair and equitable with respect to unsecured claims, as they (a) will receive at least as much as they would receive in a Chapter 7 case, and (b) no junior claim or interest will receive anything under the Plan. It is further

**ORDERED** that:

(A) The Plan is *confirmed*;

(B) The terms of the Plan are binding on Debtor and all creditors whether or not such creditor's claim is impaired by the Plan and whether or not such creditor accepted the Plan;

(C) Except as otherwise specifically provided in the Plan, all property of this estate is vested in Debtor free and clear of all liens and interests of creditors;

(D) Debtor shall make the payments provided for in the Plan, as no disbursing agent is appointed;

(E) Debtor is authorized to commence the closing of the transaction described in the Plan Amendments and is authorized to execute and deliver all documents related thereto;

3

(F) Debtor has 90 days from the date of entry of this order to provide proof to the United States Trustee that the unsecured creditor identified in class 3.4 of the plan has been paid;

(G) Upon failure of the Debtor to pay the unsecured creditor identified in class 3.4 of the plan as provided herein the United States Trustee shall file a notice of such non payment to the Court.  The court will then consider conversion to chapter 7 or dismissal of the case.

(H) Debtor is prohibited from refiling another case under chapter 11 for 2 years from the date of this Order.

(I) Debtor shall, within 120 days of the date hereof, file the report required by BLR 3022-1 (b); and

(J)  Debtor's counsel shall serve a copy of this Order on all creditors and parties and interest and file a certificate of service with respect thereto within three (3) days of the entry hereof.

[END OF DOCUMENT]

Prepared and Presented by:

Giddens Mitchell & Associates P.C.,  Attorney for Debtor
*By:/S/Kenneth Mitchell*
Kenneth Mitchell, Ga.Bar No. 513230
3951 Snapfinger Parkway, Suite 555
Decatur, GA 30034  (770) 987-7007  E-Mail Gmapclaw1@gmail.com


**No Opposition:**

/s*/ David S. Weidenbaum , Ga. Bar No. 745892*
*By:* Kenneth Mitchell with expressed permission for David S.Weidenbaum
Trial Attorney for the U.S. Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303